**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

JUAN CARLOS RAMIREZ SOLIS,       )
                                 )
      Petitioner,               )
                                 )
v.                               )       Case No. CIV-26-1162-SLP
                                 )
FRED FIGUEROA, et al.,           )
                                 )
      Respondents.              )

## REPORT AND RECOMMENDATION

Petitioner Juan Carlos Ramirez Solis, a noncitizen[1] and Mexican national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE").  United States Chief District Judge Scott L. Palk referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).  Doc. 3.  The undersigned set an expedited briefing schedule, Doc. 7, and the Petition is at issue.  Petitioner also filed a Motion for Temporary Restraining Order ("Motion").  Doc. 4.  The undersigned set an expedited briefing schedule, Doc. 7, and the Motion is at issue.

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

there is no hearing within that time.  Further, the Court should deny as moot Petitioner's Motion.  Doc. 4.

I.    **Background**

Petitioner, a citizen of Mexico, entered the United States in January 2012, without inspection or admission.  Pet. at 6; Doc. 9-2 at 1 (Notice to Appear).  On May 2, 2026, ICE detained Petitioner after taking custody of him from the Wise County Sheriff in Texas after a traffic violation.  Pet. at 6; Doc. 9-2 at 2-3 (Encounter Summary); Doc. 9-3 (Arrest Warrant).  On May 18, 2026, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through issuance of a Notice to Appear, and charged him with being inadmissible (1) under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection and (2) under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant not in possession of valid documents.  Doc. 9-2 at 1, 4.

Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 5.  Petitioner did not allege he requested a bond hearing.  Such a request, though, would likely be futile because all Immigration Judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online

2

Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 28, 2026).

## II.    Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because he is a member of the Bond Eligible Class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at * 11 (C.D. Cal. Nov. 20, 2025). Pet. at 7-8.

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing to determine whether he is flight risk or danger to others violates his right to due process. *Id*. at 8-9.

He asks the Court to order Respondents to release him, or alternatively, to "issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under § 1226(a)." Pet. at 9. Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[2] *Id.*

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through

---

[2] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.   Analysis

### A.   Petitioner sufficiently alleges his continued detention without a bond hearing is a violation of 8 U.S.C. § 1226(a).

As a threshold matter, the Court should find Petitioner sufficiently alleges his continued detention without a bond hearing violates the INA.  Respondents argue in a cursory manner that Petitioner has improperly based his habeas claim as one only seeking to enforce the *Maldonado Bautista* declaratory judgment in this District, "rather than arguing the legal basis for applying §§ 1225 or 1226."  Resp. at 2.  Respondents further contend "this case turns on whether this Court will enforce a *declaratory judgment* by ordering *injunctive relief* that *Bautista* did not and could not order."  *Id.* (emphasis in original).  Respondents, however, read the Petition too narrowly.[3]

The Petition is more properly read as seeking relief under both the INA and *Maldonado Bautista*.  *See, e.g.* Pet. at 9 (seeking "a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under § 1226(a)").  Notably, Petitioner's Count I is styled at its core as a violation of the INA—"Violation of the INA: Request for Relief Pursuant to *Maldonado Bautista*."  Pet. at 7.  Petitioner cites

---

[3] This argument is undercut by Respondents' own briefing, which asserts that "should the Court construe Petitioner's *Bautista* claim as also challenging his detention pursuant to 8 U.S.C. § 1225(b)(2)(A) rather than § 1226, Respondents ask the Court to hold that Petitioner is properly detained."  Resp. at 15-16.  Accordingly, it is clear to Respondents, as it is to the undersigned, the legal basis for Petitioner's claim that he is entitled to a bond hearing under § 1226(a).

4

the judgment in *Maldonado Bautista* to support his claim that § 1226(a) governs his detention.  Pet. at 2; *see also id.* at 7 (arguing that Petitioner is a member of the *Maldonado Bautista* "Bond Eligible Class" and so he "is entitled to consideration for release on bond under 8 U.S.C. § 1226(a)").

Thus, while Petitioner links his claim for relief under § 1226 with the *Maldonado Bautista* judgment, his reliance on *Maldonado Bautista* relates to the relief granted in that case—that detainees in Petitioner's position should be granted a bond hearing under § 1226(a).[4]  While Petitioner through counsel could have more cleanly raised his INA challenge to mandatory detention under § 1225(b)(2), the undersigned still concludes Petitioner sufficiently alleges a claim that his detention violates the INA.  *See Emigdio v. Grant*, No. CIV-26-135-SLP, 2026 WL 735462, at *2 (W.D. Okla. Mar. 16, 2026) (holding that while "Petitioner's counsel certainly could have developed the § 1226(a) claim more robustly" when relying in *Maldonado Bautista*, "the issue of whether Petitioner is properly

---

[4] To the extent Petitioner asserts *Maldonado Bautista* binds this Court, as he appears to be a member of the certified "Bond Eligible Class," *see* Pet. at 7-8, *Maldonado Bautista* has no impact on this Court's habeas decision.  Though Petitioner may be impacted by that court's declaratory relief, habeas relief would only be afforded to class members located within the boundaries of the Central District of California.  *See Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1125 (C.D. Cal. 2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) for the proposition that habeas jurisdiction lies "in only one district: the district of confinement"), *judgment entered sub nom, Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a) is properly before the Court").[5]

### B. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," applicants for admission "shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

---

[5] Respondents also urge the Court to dismiss the Petition for "impermissible claim splitting," alleging Petitioner's membership in the *Maldonado Bautista* class means he is asserting "two effectively identical suits against the Respondents, based on the same facts and seeking the same relief." Resp. at 6. Even assuming Petitioner would be covered by the declaratory judgment in *Maldonado Bautista*, only this Court may grant him habeas relief. *Padilla*, 542 U.S. at 443. Because Petitioner is seeking different relief than he would be entitled to under *Maldonado Bautista*, the Court should decline Respondents' invitation to dismiss the Petition on that basis.

Petitioner alleges § 1226(a) governs his current detention because he entered the United States more than 14 years ago without inspection and was not apprehended by immigration authorities upon arrival. Pet. at 2. Respondents maintain Petitioner is properly detained under § 1225(b)(2)(A). Resp. at 15-16.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz v. Mullin*, --- F.4th ---, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026). In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at *7 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. *See Kumar v. Mullin*, No. CIV-26-689-SLP, 2026 WL 1960943, at *1 (W.D. Okla. July 7, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[6]

---

[6] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v.*

## C.      The proper remedy is a bond hearing.

Petitioner asks the Court to order Respondents to release Petitioner, or alternatively, to "issue a writ of habeas corpus requiring Respondents to release Petitioner unless they provide a bond hearing under § 1226(a)." Pet. at 9.  The undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a).  *See Santillan Quiroz,* 2026 WL 1876709 at *17 n.13; *see also Kumar*, 2026 WL 1960943, at *2 (concluding because § 1226(a) governs petitioner's detention, "he is entitled to an individualized bond hearing").  Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period. [7]

## D.      The Court should decline to address Petitioner's due process claim.

Petitioner also argues his continued detention without a bond hearing violates his rights to due process.  Pet. at 8-9.  If the Court grants habeas relief to Petitioner with a bond

---

*Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).  In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026).  Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

[7] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where

hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claim based on his continued detention. *See, e.g.*, *Singh v. Mullin*, No. CIV-26-601-SLP, 2026 WL 1661971, at *3 (W.D. Okla. June 9, 2026) (declining to decide the merits of a petitioner's additional due process claim when adopting the recommended relief of a bond hearing pursuant to § 1226(a)).

### V.      Petitioner's Motion for Temporary Restraining Order

Petitioner also filed a Motion for Temporary Restraining Order or, in the Alternative, for a Preliminary Injunction ("Motion"), seeking an injunction preventing his removal pending a final decision in his petition for a writ of habeas corpus. Doc. 4 at 1. If the Court grants habeas relief to Petitioner with a bond hearing under § 1226(a), the undersigned recommends the Court **DENY** Petitioner's Motion as moot.

### VI.     Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends the Court **DENY** Petitioner's Motion as moot. Doc. 4.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **August 4, 2026**. *See id.*

---

ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

§ 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **August 7, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 28th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE