**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JUAN CARLOS RAMIREZ SOLIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1162-SLP |
| | ) | |
| FRED FIGUEROA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Juan Carlos Ramirez Solis, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 16] (R&R) of United States Magistrate Judge Chris M. Stephens. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 17], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

## I. Background

Petitioner, a citizen of Mexico, entered the United States in or around January 2012 without inspection or admission. On May 2, 2026, ICE detained Petitioner after taking custody of him from the Wise County Sheriff in Texas after a traffic violation. On May 18, 2026, Petitioner was placed by ICE into removal proceedings through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i).

Petitioner has been continuously detained without bond since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A). When Petitioner filed his Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma.

On May 20, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and a violation of his due process rights under the Fifth Amendment to the United States Constitution. Petitioner claims that his continued detention under § 1225(b)(2) is unlawful and violates the INA because he is a member of the Bond Eligible Class in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025). Petitioner further claims that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II. Discussion

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within five (5) business days or, in the alternative, for Respondents

to release Petitioner from custody. Furthermore, the Magistrate Judge recommended that the Court decline to address Petitioner's Due Process claim.[1]

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of §§ 1226(a) and 1225(b)(2)(A). The Magistrate Judge's findings are consistent with this Court's previous determinations that § 1226(a) governs the detention of similarly situated immigration detainees. *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026). The Court's previous determinations are in accord with the Tenth Circuit's recent decision, *Santillan Quiroz v. Mullin*, holding that "§ 1225(b)(2)(A)'s application is limited to the border." 180 F.4th 1226, 1240 (10th Cir. 2026).[2] The Court, therefore, finds that § 1226(a) governs Petitioner's detention, and he is entitled to an individualized bond hearing.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 16] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are

---

[1] Neither party has objected to the Magistrate Judge's recommendation that the Court need not address Petitioner's Due Process claim and the Court concurs with that recommendation.

[2] Similarly, "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id.* at 1235 (citing *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia*., 175 F.4th 1258 (11th Cir. 2026); *see also Rodriguez Vazquez v. Bostock*, -- F.4th --, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026) (accord); *Cirrus Rojas v. Olson*, -- F.4th --, No. 25-3127, 2026 WL 2198315 (7th Cir. July 30, 2026) (accord); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

[3] The Court agrees with the Magistrate Judge in that while Petitioner through counsel could have more cleanly raised his INA challenge to mandatory detention under § 1225(b)(2), Petitioner has sufficiently alleged a claim that his detention violates the INA. Respondent does not object to this finding. *See* [Doc. No. 17].

ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days[4] of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.

IT IS FURTHER ORDERED that Petitioner's Motion for Temporary Restraining Order [Doc. No. 4] is DENIED AS MOOT.

A separate judgment shall be entered.

IT IS SO ORDERED this 20th day of August, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[4] *See Quiroz*, 130 F.4th at 1251 n. 13.